**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4540

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAURICE MOUZON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge. (1:06-cr-00453-WDQ)

Submitted:  September 25, 2008        Decided:  October 10, 2008

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John L. Machado, LAW OFFICE OF JOHN L. MACHADO, Washington, D.C., for Appellant.  Rod J. Rosenstein, United States Attorney, Steven H. Levin, Jason M. Weinstein, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Mouzon challenges the district court's acceptance of his guilty plea, pursuant to Fed. R. Crim. P. 11, and the denial of his request to withdraw the plea at sentencing. Mouzon pleaded guilty to possession with intent to distribute cocaine (Count One), in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm in furtherance of a drug-trafficking crime (Count Two), in violation of 18 U.S.C. § 924(c)(1)(A)(I) (2000). He was sentenced to 248 months' imprisonment in accordance with a stipulation in his plea agreement, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that such sentence was appropriate.

Mouzon argues on appeal that the Government did not present a sufficient factual basis for his guilty plea because the plea colloquy did not include any evidence that he intended to distribute cocaine. He also contends that the district court erred in denying his request to withdraw his guilty plea because, when he entered his plea at the Rule 11 hearing, he believed the validity of his prior state-court convictions would be investigated by the court, possibly resulting in a lower sentence in this case.

"A defendant has no absolute right to withdraw a guilty plea." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (internal citation and quotation marks omitted). Once the district court has accepted a defendant's guilty plea, it is within the court's discretion whether to grant a motion to withdraw it.

2

United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). The defendant bears the burden of showing a "fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

In deciding whether to permit a defendant to withdraw his guilty plea, a district court considers:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (citing United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)) (footnote omitted). However, an appropriately conducted Rule 11 proceeding "raise[s] a strong presumption that the plea is final and binding." Lambey, 974 F.2d at 1394; see also United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995).

Rule 11(b)(3) "ensures that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). "Rule 11 does not require the judge to establish *through colloquy* that a

3

factual basis exists for the plea. The court may conclude that a factual basis exists from anything that appears on the record." Id. (emphasis in original) (citation omitted). The court "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997).

A district court may not conclude that there is a factual basis for a plea if an essential element of the offense is not admitted by the defendant or established in the evidence presented by the Government. United States v. Mastrapa, 509 F.3d 652, 660 (4th Cir. 2007). "The elements of possession with intent to distribute of a narcotic controlled substance are as follows: (1) possession of the narcotic controlled substance, (2) knowledge of the possession, and (3) intent to distribute the narcotic controlled substance." United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999). "Intent to distribute may be inferred from possession of . . . a quantity of drugs larger than needed for personal use." United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990). We have held that possession of a quantity of cocaine base slightly over five grams, when combined with testimonial evidence, was sufficient to support an inference of intent to distribute. United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996). Possession of large amounts of cash and firearms

4

constitutes "additional circumstantial evidence of . . . involvement in narcotics distribution." Fisher, 912 F.2d at 731. Possession of a scale with drug residue on it also constitutes circumstantial evidence of an intent to distribute narcotics. See United States v. Harris, 31 F.3d 153, 157 (4th Cir. 1994).

We hold that the district court properly found an adequate factual basis at the Rule 11 hearing to support an inference that Mouzon intended to distribute cocaine. The Government stated that the evidence at trial would have shown that 248 grams of cocaine, over $7000 in cash that constituted drug proceeds, a digital scale with cocaine residue on it, and a firearm that the Government could prove Mouzon used in furtherance of drug trafficking, were discovered in Mouzon's possession. Mouzon did not dispute that the evidence would prove any of these facts. The amount of cocaine discovered in Mouzon's possession was well above the five grams of cocaine that this court held supported an inference of intent to distribute in Lamarr, and the large amount of cash, firearm, and scale with drug residue on it constitute circumstantial evidence of an intent to distribute narcotics. The district court also explained to Mouzon that he was pleading guilty to possession of cocaine with the intent to distribute, not merely for personal use, and Mouzon indicated that he understood the nature of the charge and admitted his guilt.

5

The district court also properly summarized the portion of the plea agreement in which the parties stipulated that a sentence of 248 months was the appropriate disposition of this case, and Mouzon indicated that he understood that portion of the agreement. At the conclusion of the Rule 11 hearing, Mouzon informed the court that he was represented by an attorney who was disbarred during the course of the proceedings when he received two or three of his prior drug trafficking convictions in state court. The district court stated that the prior convictions would be "investigated" but did not indicate that Mouzon could receive a sentence of less than 248 months' imprisonment as a result of that investigation. The district court properly conducted the Rule 11 hearing and did not mislead Mouzon by commenting that his prior convictions would be "investigated." Because Mouzon has failed to show that any of the Moore factors weighed in favor of granting his motion to withdraw his plea, the district court properly denied it.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED